clf\files\mcdonnell-phillipscohen\pleadings\complaint

<div align="center">

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

</div>

|  |  |
|---|---|
| MARY ROSE McDONNELL<br>78 St. Andrews Drive<br>Little Egg Harbor, NJ  08087,<br><div align="center">Plaintiff,</div><br>vs.<br><br>PHILLIPS & COHEN ASSOCIATES<br>695 Rancocas Road<br>Westhampton, NJ  08060,<br><div align="center">Defendant.</div> | CIVIL ACTION NO. |

<div align="center">

**COMPLAINT**

</div>

## I.      INTRODUCTION

1.      This is a consumer protection action brought for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ( 'FDCPA '').

2.      The FDCPA prohibits debt collectors from using false, deceptive and misleading conduct to collect a consumer debt.  § 1692e.  The FDCPA also bars conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of consumer debt.  § 1692d.

3.      Defendant debt collector repeatedly called Plaintiff to seek to collect an old, time-barred debt allegedly owed not by Plaintiff, but by her late husband.  The defendant used misleading statements and attempted to disgrace Plaintiff by implying the widow was misusing funds belonging to her husband 's estate.  Each call caused Plaintiff to be upset, fearful, humiliated, and embarrassed.

## II.     JURISDICTION

4.      Jurisdiction arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1331, 1337.

### III. <u>PARTIES</u>

5.　　　Plaintiff is Mary Rose McDonnell ("Plaintiff" or "McDonnell"). She is a consumer who resides in Little Egg Harbor, New Jersey at the address captioned.

6.　　　Defendant, Phillips & Cohen ("P&C") is upon information and belief, a New Jersey corporation, with its corporate headquarters addressed as captioned.

7.　　　P&C regularly engages in the collection of consumer debts using the mails and telephone.

8.　　　P&C regularly attempts to collect consumer debts alleged to be due another.

9.　　　P&C is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

### IV. <u>STATEMENT OF CLAIM</u>

10.　　　Defendant debt collector telephoned Plaintiff, a 70 year old woman, in the effort to collect a consumer debt alleged due by the estate of her late husband, William McDonnell.

11.　　　William McDonnell died on December 19, 1991, some 17 years ago.

12.　　　According to defendant, the estate owed $7,039.52 to Estate Asset Management, who purportedly purchased the account from Fleet/Natwest.

13.　　　Plaintiff does not recognize the alleged debt and disputes it.

14.　　　On May 19, 2008, defendant P&C called Plaintiff and stated, among other things:

> There is no statute of limitations on this. If you collected life insurance, a pension or if your home was jointly owned, that money was to pay his debts, not for your personal pleasure.

15.　　　Apart from Mr. McDonnell's demise, the statute of limitations for a suit based upon a breach of contract or account stated is six years. N.J. Stat. § 2A:14-1.

16.     Plaintiff's husband has been dead for 17 years.  Any suit is well beyond the statute of limitations period and barred.

17.     In New Jersey, a creditor of a decedent must present its claims in writing and under oath to the personal representative of the estate within nine months from the date of the decedent's death.  N.J.S.A. 3B:22-4.

18.     No proof of claim was submitted during the claims period, nor ever submitted to the estate by Estate Asset Management, Fleet/Natwest, nor defendant P&C in the attempt to collect this debt allegedly owed by William McDonnell.

19.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading representation in order to collect a consumer debt, including the implication that the consumer committed particular conduct in order to disgrace the consumer.

20.     The FDCPA § 1692d prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt.

21.     P&C's statement that there is no statute of limitation on the alleged debt it sought to collect is an inaccurate statement of the law and is false, deceptive and misleading under the FDCPA.

22.     P&C's implication that Plaintiff was using estate assets for "personal pleasure" was made in the effort to disgrace and harass Plaintiff in violation of the FDCPA.  Plaintiff does not owe anything on this stale debt; she was not the obligor.

23.     P&C's repeated phone calls to Plaintiff, the widow of the alleged debtor, were harassing, oppressive and abusive and in violation of the FDCPA.

24.     As a result of defendant P&C's conduct, Plaintiff has been damaged.

25.     Plaintiff has suffered anxiety, fear, stress, humiliation, embarrassment, and sadness as a result of defendant's conduct.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff repeats the allegations contained above as if the same were here set forth at length.

27.     P&C's phone calls to Plaintiff violate the FDCPA in the following ways:

(a)     by using false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

(b)     by implying that the consumer committed conduct in order to disgrace the consumer, in violation of 15 U.S.C. § 1692e(7).

(c)     by engaging in conduct the natural consequence of which is to harass, oppress or abuse a person in the collection of a debt, in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, plaintiff Mary Rose McDonnell demands judgment against defendant for:

(a)     Damages;

(b)     Attorney's fees and costs; and

(c)     Such other and further relief as the Court shall deem just and proper.

## V.  <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date:   01/05/09          /s/ Andrew M. Milz (AMM9731)
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff
LUNDY, FLITTER, BELDECOS &
BERGER, P.A.
Five Greentree Centre, Suite 302
Marlton, NJ  08053
(856) 338-1300